**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50245 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-02679-AJB |
| v. | |
| REYNALDO MARQUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted June 14, 2016[**]

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Reynaldo Marquez appeals from the district court's judgment and challenges

the 51-month sentence imposed following his guilty-plea conviction for

importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Marquez contends that because the government did not prove, nor did he admit, that he knew the type and quantity of the drugs he imported, the district court erred in imposing a sentence greater than one year. Marquez's argument is foreclosed by our decision in *United States v. Jefferson*, 791 F.3d 1013 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 1473 (2016). There, we held that "a defendant's knowledge of the type and quantity of the controlled substance he imports is . . . not an element of the offense," that the government must prove for a mandatory minimum sentence to apply. *See id.* at 1016, 1019. Under this precedent, the government was not required to prove that Marquez knew the type and quantity of the drugs he imported in order to trigger the 20-year statutory maximum under 21 U.S.C. § 960(b)(3).

**AFFIRMED.**